# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KENNIS D. JOHNSON,**

    **Plaintiff,**

**vs.**                                                                          **Case No. 4:23cv51-AW-MAF**

**MARQUIS L. WILLIAMS,**
**and BERTRAM R. WILLIAMS, JR.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for leave to proceed with in forma pauperis status. ECF No. 10. That motion should be denied as moot because Plaintiff was granted leave to proceed in forma pauperis in early March 2023. ECF Nos. 6-7.

Plaintiff filed a third amended complaint in April 2023, ECF No. 8, but filed a fourth amended complaint, ECF No. 9, in May 2023. Only the fourth amended complaint has been reviewed since the filing of a subsequent amended complaint replaces all prior complaints. See N.D. Fla. Loc. R. 15.1(A).

Plaintiff makes conclusory allegations that the two named Defendants, along with "other relatives" violated his civil rights. ECF No. 9 at 4. Plaintiff contends that "[d]uring the Pandemic, [numerous persons] . . . conspired and colluded in the absolute destruction of [his] family." *Id.* at 5. Plaintiff alleges that many persons (more than just the named Defendants) broke into his apartment, car, and storage to steal his "check stubs" and "file fraudulent insurance claims, create falsified payrolls, complete illegal health care applications, recieving [sic] illegal social security checks, buy real estate with stolen money, acquire [crypto-currency] and a multitude of other crimes." *Id.*

Plaintiff says that Defendant Marquis Williams "was apprehended on July 21, 2021," and charged with several crimes. ECF No. 9 at 5. Williams and Celeste Wells (who is no longer a named Defendant in this case) allegedly made a "false report to DCF." *Id.* Plaintiff then asserts two "claims" against the Defendants: (1) a violation of 18 U.S.C. § 2516 for intercepting his electronic devices and (2) a violation of 18 U.S.C. § 242. *Id.* at 6.

The first statute cited by Plaintiff does not provide a cause of action for Plaintiff to sue a defendant. Instead, it is a general authorization for the

Attorney General or his designee to submit "an application to a Federal judge of competent jurisdiction for . . . an order authorizing or approving the interception of wire or oral communications by the Federal Bureau of Investigation, or a Federal agency having responsibility for the investigation of" certain specified offenses.  Plaintiff cannot bring suit under that statute.

The second statute makes it a crime for a person acting "under color of any law, statute, ordinance, regulation, or custom" to willfully subject a person "to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens . . . ."  18 U.S.C. § 242.  The statute does not provide a civil remedy for such actions and does not permit a private citizen to initiate a federal criminal prosecution.  See Stoll v. Martin, No. 3:06cv180 LAC-EMT, 2006 WL 2024387, at *2 (N.D. Fla. July 17, 2006) (holding that Plaintiff cannot recover civil damages for a violation of § 242); Broodnox v. Wal-Mart Stores E., LP, No. 3:15cv425-MCR-EMT, 2015 WL 8903537, at *4 (N.D. Fla. Nov. 20, 2015), report and recommendation adopted, No. 3:15cv425-MCR-EMT, 2015 WL 8957790 (N.D. Fla. Dec. 14, 2015)

(concluding that plaintiff's "claims under 18 U.S.C. §§ 242, 245 are frivolous").  Private persons cannot bring a civil action for a violation of § 242 because it is a criminal statute.

Both of Plaintiff's asserted basis for federal question jurisdiction are statutes under Title 18.  Plaintiff, however, is private citizen.  It is well established that private citizens do not have "a judicially cognizable interest in the prosecution or nonprosecution of another."  Diamond v. Charles, 476 U.S. 54, 64, 106 S. Ct. 1697, 1704, 90 L. Ed. 2d 48 (1986) (other citations omitted).  Private citizens do not have "the right to compel a State to enforce its laws" or prosecute crimes.  Diamond, 476 U.S. at 65, 106 S. Ct. at 1705; see also Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (dismissing petition for writ of mandamus because private citizen cannot compel the investigation and prosecution of another) (cited in Riga v. Benezette, No. 612cv414ORL19DAB, 2012 WL 12910269, at *3 (M.D. Fla. July 12, 2012)).  Accordingly, Plaintiff lacks standing to bring these claims and this case should be dismissed.

Finally, another reason the complaint should be dismissed is because Plaintiff provides no facts which clearly state what the two named Defendants did to harm him.  Even if those Defendants were state actors,

and it does not appear that they are, the complaint is insufficient to show that those two persons - as opposed to the other persons also identified - took actions which violate Plaintiff's constitutional rights.  Plaintiff has alleged that fourteen persons conspired to commit various crimes.  ECF No. 9 at 6.  That allegation is insufficient to show what the two Defendants did to violate Plaintiff's rights.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's fourth amended complaint, ECF No. 9, be **DISMISSED** as frivolous and that the pending motion for in forma pauperis status, ECF No. 10, be denied as moot.

**IN CHAMBERS** at Tallahassee, Florida, on June 13, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.